## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Brigette Lowe, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>Edgewell Personal Care Brands LLC,<br><br>*Defendant.* | Case No. 3:23-cv-01256<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## Table of Contents

I.      Introduction.................................................................................................1

II.     Parties...........................................................................................................1

III.    Jurisdiction and venue...............................................................................2

IV.     Facts.............................................................................................................2

      A.      Defendant makes, markets, distributes and sells Banana Boat Sport Ultra
           and Banana Boat Sport Ultra Faces sunscreen lotions................................2

      B.      The Banana Boat Sport Ultra Faces label is misleading to reasonable
           consumers. ......................................................................................5

      C.      Plaintiff was misled by Defendant's misrepresentations. ...........................8

V.      Class action allegations............................................................................10

VI.     Plaintiff has no adequate remedy at law. ...............................................12

VII.    Claims........................................................................................................12

VIII.   Jury demand...............................................................................................19

IX.     Relief..........................................................................................................19

## I.      Introduction.

1.      Defendant makes, distributes, sells, and markets "Banana Boat Sport Ultra" sunscreen.   Defendant sells several products in the "Banana Boat Sport Ultra" line.  One of those products, the "Banana Boat Sport Ultra Faces" lotion, is prominently labelled "Faces." The front of the product also prominently touts that the sunscreen is "Oil Free" and "Non-Greasy."

2.      These prominent representations lead reasonable consumers to believe that the Sport Ultra Faces lotion is specifically designed for the face.  And based on this reasonable belief, they are willing to pay more for the product.  In fact, per ounce, the Sport Ultra Faces lotion costs more than twice as much as Banana Boat's regular (i.e., non-face) Sport Ultra lotion. But reasonable consumers buy it anyway, because they want a product that is specifically formulated for use on their face.

3.      The truth, however, is that the Banana Boat Sport Ultra Faces lotion is not specifically formulated for the face.  There is nothing special about Banana Boat Sport Ultra Faces that makes it any better for facial applications than regular Banana Boat Sport Ultra (which is not specifically formulated for the face, and instead is designed for full-body applications).  In fact, Banana Boat Sport Ultra Faces is exactly the same as the regular Banana Boat Sport Ultra lotion.  Defendant is putting the same sunscreen into two different bottles with different labels, and charging more for one of them.  Consumers are being deceived and overcharged.

## II.     Parties.

4.      Plaintiff Brigette Lowe is a citizen of California (domiciled in Bethel Island).

5.      The proposed class(es) include citizens of numerous states.

6.      Defendant Edgewell Personal Care Brands LLC is a Delaware limited liability company with its principal place of business in Shelton, Connecticut.  Defendant makes, labels, distributes, sells, and markets the Banana Boat Sport Ultra Faces products.  Defendant is

responsible for the making, labeling, distribution, selling, and marketing of the Banana Boat Sport Ultra Faces products throughout the applicable statute of limitations period.

**III.    Jurisdiction and venue.**

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class(es) are citizens of a state different from Defendant.

8.      This Court has personal jurisdiction over Defendant.  Defendant has its principal place of business here.

9.      Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d). Defendant would be subject to personal jurisdiction in this District if this District were a separate State.   Defendant has its principal place of business here. And Defendant sells the Banana Boat Sport Ultra Products here.

**IV.    Facts.**

**A.      Defendant makes, markets, distributes and sells Banana Boat Sport Ultra and Banana Boat Sport Ultra Faces sunscreen lotions.**

10.     Defendant makes, markets, distributes and sells the Banana Boat Sport Ultra line of sunscreens.

11.     The Banana Boat Sport Ultra line of sunscreens includes various products such as lotions and spray bottles, each with various SPF ratings.

12.     One of the products in the Banana Boat Sport Ultra line is the regular Banana Boat Sport Ultra lotion.  It comes in 8-ounce bottles.  An example is shown below: [1]



---

[1] https://www.bananaboat.com/products/banana-boat-sport-ultra-lotion-spf-30

13.     Another product in the Banana Boat Sport Ultra line is the Banana Boat Sport Ultra Faces lotion.  It comes in smaller, 3-ounce bottles.  An example is shown below: [2]



14.     The label of the Banana Boat Sport Ultra Faces lotion is almost identical to that of the regular Banana Boat Sport Ultra lotion, with one important exception: the Faces lotion is

4

prominently labelled "Faces."  And it includes face-specific representations, such as "Non-Greasy" and "Oil Free."

15.     These representations are materially the same across all Banana Boat Sport Ultra Faces lotions.  That is, all the labels of all Banana Boat Sport Ultra Faces lotions are substantially similar.

**B.     The Banana Boat Sport Ultra Faces label is misleading to reasonable consumers.**

16.     Based on the prominent "Faces" marking and face-specific representations on the front label of the Banana Boat Sport Ultra Faces products, reasonable consumers believe that the lotion is specifically formulated for use on the face.  In other words, reasonable consumers believe that there is something different about the Banana Boat Sport Ultra Faces lotion that makes it better suited for use on the face, as compared to regular Banana Boat Sport Ultra lotion.

17.     The pricing of Banana Boat Sport Ultra Faces reinforces this reasonable belief.  Across retailers, a 3-ounce container of Banana Boat Sport Ultra Faces costs the same as a 8-ounce container of "regular" Banana Boat Sport Ultra.  This means that per ounce, Banana Boat Sport Ultra Faces costs more than twice as much as regular Banana Boat Sport Ultra.  For example, Vons sells 3-ounce containers of SPF 30 Banana Boat Sport Ultra Faces for $14.99—$5/ounce.[3]  And it sells 8-ounce containers of regular SPF 30 Banana Boat Sport Ultra for $14.99—$1.87/ounce.[4]  The same is true for other retailers: per ounce, "Faces" costs more than twice as much as regular Banana Boat Sport Ultra.[5]  In markets where different retailers sell the same product, the price retailers charge is correlated with and driven by the price that manufacturers charge retailers.  Accordingly, this retail pricing is correlated with and driven by

[2] https://www.bananaboat.com/products/banana-boat-sport-ultra-face-lotion-spf-30
[3] https://www.vons.com/shop/product-details.960158475.html
[4] https://www.vons.com/shop/product-details.960035057.html
[5] For example, on Albertsons.com, regular Banana Boat Sport Ultra and Banana Boat Sport Ultra Faces are $11.49—even though the bottle of regular Banana Boat Sport Ultra is more than twice as large.  Likewise, on Pavilions.com, regular Banana Boat Sport Ultra and Banana Boat Sport Ultra Faces are $14.99—even though the bottle of regular Banana Boat Sport Ultra is more than twice as large.

the pricing that retailers pay for Banana Boat Sport Ultra Faces and Banana Boat Sport Ultra, which is set by Defendant.  Moreover, across retailers, the 3-ounce bottle of Banana Boat Sport Ultra Faces costs the same as a 8-ounce bottle of Banana Boat Sport Ultra.  By contrast, as detailed below, other smaller bottles of Banana Boat sunscreen without face-specific representations cost less than larger bottles of the same product.  Based on this, it appears that the wholesale price that Defendant charges retailers for Banana Boat Sport Ultra Faces is the same (i.e., is more than twice as much per ounce) as the "regular" Banana Boat Sport Ultra.

18.     The difference in pricing further indicates to reasonable consumers that the Faces product is specially formulated for the face, while the regular product is not, thus justifying the difference in price.  In particular, although larger containers of sunscreens and other cosmetics may cost slightly less per ounce than smaller containers of the same sunscreen or other cosmetics due to volume discounts, honest retailers do not charge *the same* price for them.  Smaller bottles of the same sunscreen cost less.  Nor do honest retailers charge *double* per ounce for the same product just because it comes in a smaller bottle.  In other words, reasonable consumers expect that for the same sunscreen or cosmetic, a smaller container will cost less than a larger container.  So, the fact that a 3-ounce bottle of Banana Boat Sport Ultra Faces costs *the same* as the 8-ounce bottle of "regular" Banana Boat Sport Ultra—and double per ounce—tells reasonable consumers that Banana Boat Sport Ultra Faces is different from "regular" Banana Boat Sport Ultra.  This makes sense: why would anyone pay (or charge) the same for *less* of the same thing?

19.     Notably, this is true for TSA-compliant, "travel-size" sunscreens too.  For example, another line of Banana Boat sunscreen is the Banana Boat Sport Ultra travel size. Defendant sells that sunscreen in different containers, including a TSA-compliant, "travel-size" 3-ounce container.[6]  Unlike Banana Boat Faces, however, the "travel-size" version does not contain different representations suggesting that it is specifically formulated for a special purpose such as facial application.  Instead, for the "travel size" version, Defendant's labels truthfully

<hr/>

[6] https://www.target.com/p/banana-boat-ultra-sport-sunscreen-lotion/-/A-82390035?preselect=11082867#lnk=sametab ("regular" 8-ounce); https://www.target.com/p/banana-boat-ultra-sport-sunscreen-lotion/-/A-82390035?preselect=53294566#lnk=sametab ("travel size" 3-ounce)

indicate to consumers that they are getting the exact same sunscreen in a smaller container appropriate for travel.  The travel size container costs the same per ounce as the regular 8-ounce container. And the travel-size container overall costs far less than the regular 8-ounce container (from Target, $4.19 for the "travel size" versus $11.39 for the regular size).  This confirms that, even for "travel size" sunscreens, reasonable consumers expect that smaller bottles of the same thing will cost less than larger bottles of the same thing.

20.     As alleged above, Defendant is responsible for these differences in pricing.

21.     In truth, however, Banana Boat Sport Ultra Faces is not specially formulated for the face.  Nor is it more expensive to manufacture.  Quite the opposite, it is identical to regular Banana Boat Sport Ultra, which costs half as much (or the same amount for a bottle more than twice the size).  Defendant is taking the same exact product and putting it in two different bottles, one prominently marked "Faces" and one not.  And then it is charging more than twice as much for the sunscreen in the bottle marked "Faces" (the same for both bottles, even though one is more than twice the size of the other).  In short, Defendant is tricking consumers into thinking they are buying sunscreen lotion specially formulated for the face, when in reality, they are just buying Defendant's regular Sport Ultra sunscreen in a smaller—and far more expensive—bottle.  And through this trickery, Defendant is able to charge more for Banana Boat Sport Ultra Faces than it otherwise could.  Purchasers are paying more than they otherwise would for sunscreen as a direct result of Defendant's deception.

22.     That Defendant is able to charge more than twice as much for Banana Boat Sport Ultra sunscreen when it is prominently labelled "Faces" and includes face-specific representations demonstrates that Defendant's labeling is misleading.  No reasonable consumer who understood that Banana Boat Sport Ultra FACE is identical to regular Banana Boat Sport Ultra would choose to pay more than twice as much for it.  Notably, there are "travel-size" sunscreens that do not cost twice as much as a regular bottle of the same thing available for purchase to consumers who need a travel-size bottle of sunscreen.  So the very fact that

Defendant is able to sell Banana Boat Sport Ultra FACE sunscreen demonstrates that its labeling is misleading consumers.

23.     Defendant's deceptive practices increased the demand for Banana Boat Sport Ultra Faces and allowed Defendant to charge a price premium for it.  As explained above, Defendant's deceptive practices led reasonable consumers to believe that Banana Boat Sport Ultra Faces was specifically formulated for use on the face.  Based on this reasonable belief, consumers are willing to pay more, and do pay more, for Banana Boat Sport Ultra Faces than they otherwise would.  Moreover, as explained above, the retail pricing for Banana Boat Sport Ultra Faces is correlated with and driven by the wholesale pricing set by Defendant.

24.     Accordingly, as a result of Defendant's deceptive practices, class members including Plaintiff paid a price premium for the Banana Boat Sport Ultra Faces products they purchased.  As purchasers, Plaintiff and each class member paid this price premium and sustained economic injury.  In addition, if they had known the truth, class members could have purchased the same product for half as much per ounce as they paid.  Accordingly, Plaintiff and each class member overpaid for the Banana Boat Sport Ultra Faces product they purchased and sustained economic injury for this additional reason.  Defendant is the proximate and but-for cause of Plaintiff and the class's injuries.

**C.     Plaintiff was misled by Defendant's misrepresentations.**

25.     In or around June 2022, Ms. Lowe bought a 3-ounce bottle of Banana Boat Sport Ultra Faces at a Walmart while living in Bethel Island, CA.  The package said "Faces" prominently on the label.  The product also stated it was "Non-Greasy" and "Oil Free."  A picture of the bottle is shown below:



26.     Ms. Lowe read and relied on the "Faces" statement, as well as the additional face-specific representations on the front label of the product, when she purchased the product.  Based on these representations, Ms. Lowe believed that the product was specially formulated for use on the face, and bought it specifically for this reason.  Ms. Lowe would not have purchased this product if she had known that the product was, in fact, identical to regular Banana Boat Sport Ultra, which costs half as much.  Moreover, the price Ms. Lowe paid for this product was inflated due to the misleading Faces and face-specific representations.  Had she known the truth, Ms. Lowe could have purchased the same product for half as much per ounce as she paid.  Accordingly, Ms. Lowe suffered an economic injury as a result of Defendant's deceptive conduct.

**V.      Class action allegations.**

27.      Plaintiff brings certain claims on behalf of the proposed class of: all persons who purchased a Banana Boat Sport Ultra Faces Product in the United States during the applicable statute of limitations (the "**Nationwide Class**").

28.      For certain claims, Plaintiff brings those claims on behalf of a subclass of consumers who live in certain identified states (the "**Consumer Protection Subclass**").

29.      For certain claims, Plaintiff brings those claims on behalf of a subclass of consumers who, like Plaintiff, purchased a Banana Boat Sport Ultra Faces Product in California (the "**California Subclass**").

30.      The following people are excluded from the Class and the Subclasses: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assignees of excluded persons.

*Numerosity*

31.      The proposed class(es) contain members so numerous that separate joinder of each member of the class is impractical.  Based on the pervasive distribution of Banana Boat Sport Ultra Faces products, there are hundreds of thousands of proposed class members (or more).

*Commonality*

32.      There are questions of law and fact common to the proposed class(es).  Common questions of law and fact include, without limitation:

- Whether the Banana Boat Sport Ultra Faces products are formulated specifically for use on the face;

- Whether Defendant's labeling and pricing of the Banana Boat Sport Ultra Faces products is misleading;

- Whether Defendant violated state consumer protection statutes;

- Damages needed to reasonably compensate Plaintiff and the proposed class(es).

*Typicality*

33.     Plaintiff's claims are typical of those of the proposed class(es).  Like the proposed class(es), Plaintiff purchased a Banana Boat Sport Ultra Faces product.  Like the proposed class(es), Plaintiff would not have purchased the products, or would have paid less for them, had she known the truth.

*Predominance and Superiority*

34.     The prosecution of separate actions by individual members of the proposed class(es) would create a risk of inconsistent or varying adjudication with respect to individual members, which would establish incompatible standards for the parties opposing the class.  For example, individual adjudication would create a risk that the same label is found to be actionably misleading for some proposed class members, but not others.

35.     Common questions of law and fact predominate over any questions affecting only individual members of the proposed class(es).  These common legal and factual questions arise from certain central issues which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any particular class member.  For example, a core liability question is common: whether Defendant's labeling is misleading to reasonable consumers.

36.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to have individual litigation of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**VI.    Plaintiff has no adequate remedy at law.**

37.    Plaintiff seeks damages and, in the alternative, restitution.  Plaintiff is permitted to seek equitable remedies in the alternative because she and the class have no adequate remedy at law.

38.    To begin, the equitable restitution that Plaintiff requests may go beyond the damages available to her and the class.  For example, it may permit her and the class to recover the entire purchase price of the products at issue, as opposed to merely the price premium attributable to Defendant's deception.

39.    Moreover, the equitable remedies Plaintiff requests are more certain than the legal remedies Plaintiff requests. This is because obtaining damages requires additional showings not required for restitution. For example, to obtain damages under the CLRA, Plaintiff must show that she complied with the CLRA's notice requirement for damages.  No such requirement exists for Plaintiff's unjust enrichment claims.

40.    Finally, the remedies at law available to Plaintiff are not equally prompt or otherwise efficient.  The need to schedule a jury trial may result in delay.  And a jury trial will take longer, and be more expensive, than a bench trial.

**VII.    Claims.**

<u>**Count I: Violations of State Consumer Protection Acts**</u>

**(on behalf of Plaintiff and the Consumer Protection Subclass)**

41.    Plaintiff incorporates by reference each and every factual allegation set forth above.

42.    As alleged below, Plaintiff (who lives in California) brings her individual and certain subclass claims based on California consumer protection laws.  At the motion to dismiss stage (pre-certification), her claims are governed by California law.  At certification, Plaintiff intends to certify this count on behalf of the Consumer Protection Subclass, which includes consumers who live in the states listed below, which have materially-similar laws.

| State | Statute |
|---|---|
| California | Cal. Bus. & Prof. Code § 17200, and the following; Id. §17500, and the following Cal. Civ. Code §1750 and the following. |
| Illinois | 815 ILCS § 501/1, and the following. |
| Maryland | Md. Code Ann. Com. Law, § 13-301, and the following. |
| New York | N.Y. Gen. Bus. Law § 349, and the following. |
| Missouri | Mo. Rev. Stat. § 407, and the following. |
| Washington | Wash. Rev. Code § 19.86.010, and the following. |
| Connecticut | Conn. Gen. Stat. Ann. §§ 42-110, and the following. |

43.     Each of these statutes is materially similar to California consumer protection law. Each broadly prohibits deceptive conduct in connection with the sale of goods to consumers. No state requires proof of individualized reliance, or proof of defendant's knowledge or intent to deceive. Instead, it is sufficient that the deceptive conduct is misleading to reasonable consumers acting reasonably under the circumstances and that the conduct proximately caused harm. As alleged in detail above, Defendant's conduct violates each statute's shared prohibitions.

44.     Defendant's conduct, including the misleading labeling of the Banana Boat Sport Ultra Faces products with the "Faces" representation and related face-specific misrepresentations, and the sale of those products to Plaintiff and Class members, violates each statute's prohibitions. Plaintiff saw and relied on these representations.

45.     Defendant's representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Banana Boat Sport Ultra Faces products. As alleged in detail above, these misrepresentations are important to consumers and affect their

choice to purchase the products.  And no reasonable consumer who knew the truth would choose to pay more than twice as much for the same thing.

46.     Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decisions and the purchase decisions of class members, and were a substantial factor and proximate cause in causing damages and losses to Plaintiff and class members, including the price premium that Plaintiff and class members paid.

47.     Plaintiff and class members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Banana Boat Sport Ultra Faces products if they had known the truth and (b) they overpaid for the products because the products are sold at a price premium due to the misrepresentation.

### Count II: Violation of California's Unfair Competition Law (UCL)

### (on behalf of Plaintiff and the California Subclass)

48.     Plaintiff incorporates by reference and re-alleges each and every factual allegation set forth above as though fully set forth herein.

49.     Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

50.     Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

51.     The Unlawful Prong: Defendant engaged in unlawful conduct by violating the California Sherman Act, Cal. Health & Safety Code § 110390, which prohibits drug and cosmetics labeling that is "false or misleading in any particular."  In addition, Defendant engaged in unlawful conduct by violating the FAL, as alleged below and incorporated here.

52.     The Fraudulent Prong: As alleged in detail above, Defendant's representations were false and misleading.  Defendant's misrepresentations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.

14

53.     <u>The Unfair Prong</u>: Defendant violated established public policy by violating the CLRA and FAL, as alleged below and incorporated here.  The unfairness of this practice is tethered to a legislatively declared policy (that of the Sherman Act and FAL).

54.     The harm to Plaintiff and the Subclass greatly outweighs the public utility of Defendant's conduct.  There is no public utility to misleading consumers into thinking that sunscreen not specifically formulated for the face is formulated specifically for the face, and overcharging them for it.  This injury was not outweighed by any countervailing benefits to consumers or competition.  Misleading labels only injure healthy competition and harm consumers.

55.     Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

56.     Plaintiff and the Subclass could not have reasonably avoided this injury.  As alleged above, Defendant's representations were deceiving to reasonable consumers like Plaintiff.

*   *   *

57.     For all prongs, Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read and reasonably relied on them when purchasing Banana Boat Sport Ultra Faces sunscreen.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

58.     Classwide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Banana Boat Sport Ultra Faces sunscreen.

59.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Subclass members.

60.     Plaintiff and Subclass members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Banana Boat Sport Ultra Faces

products if they had known the truth and (b) they overpaid for the products because the products are sold at a price premium due to the misrepresentation.

**<u>Count III: Violation of California's False Advertising Law (FAL)</u>**

**(on behalf of Plaintiff and the California Subclass)**

61.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

62.     Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

63.     As alleged more fully above, Defendant has falsely advertised Banana Boat Sport Ultra Faces products by falsely representing that the products were specifically formulated for use on the face, when in fact the products are identical to regular Banana Boat Sport Ultra.

64.     Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

65.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read and reasonably relied on them when purchasing a Banana Boat Sport Ultra Faces product.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

66.     Classwide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Banana Boat Sport Ultra Faces.

67.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Subclass members.

68.     Plaintiff and Subclass members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Banana Boat Sport Ultra Faces products if they had known the truth and (b) they overpaid for the products because the products are sold at a price premium due to the misrepresentation.

**<u>Count IV: Violation of California's Consumer Legal Remedies Act (CLRA)</u>**

**(on behalf of Plaintiff and the California Subclass)**

69.     Plaintiff incorporates each and every factual allegation set forth above.

70.     Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

71.     Plaintiff and the other members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d).

72.     Plaintiff, other members of the California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

73.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

74.     As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiff and the other members of the California Subclass that the products were specifically formulated for use on the face, when in fact the products are identical to regular Banana Boat Sport Ultra.

75.     As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(5), (a)(7), and (a)(9).

76.     Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements were false and misleading.

77.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read and reasonably relied on them when purchasing the products.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision and the purchase decisions of Subclass members.

78.     In addition, classwide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the products.

79.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Subclass members.

80.     Plaintiff and Subclass members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Banana Boat Sport Ultra Faces products if they had known the truth and (b) they overpaid for the products because the products are sold at a price premium due to the misrepresentation.

81.     Accordingly, pursuant to California Civil Code § 1780(a)(2), Plaintiff, on behalf of herself and all other members of the California Subclass, seeks injunctive relief.

82.     CLRA § 1782 NOTICE. On September 14, 2023, a CLRA demand letter was sent to Defendant's headquarters and California registered agent, via certified mail (return receipt requested). This letter provided notice of Defendant's violation of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here. If Defendant does not fully correct the problem for Plaintiff and the Subclass within 30 days of receipt of the letter, Plaintiff and the Subclass will seek all monetary relief available under the CLRA.

## Count V: Quasi-Contract / Unjust Enrichment

### (on behalf of Plaintiff and the Nationwide Class)

83.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

84.     Plaintiff alleges this claim individually and on behalf of the Nationwide Class.

85.     As alleged in detail above, Defendant's false and misleading labeling caused Plaintiff and the Nationwide Class to purchase Banana Boat Sport Ultra Faces to pay more than twice as much for these products.

86.     In this way, Defendant received a direct and unjust benefit, at Plaintiff and the Nationwide Class's expense.

87.     Plaintiff and the Nationwide Class seek restitution.

**VIII.   Jury demand.**

88.     Plaintiff demands a jury trial on all issues so triable.

**IX.    Relief.**

89.     Plaintiff seeks the following relief individually and for the proposed class(es):

- An order certifying the asserted claims, or issues raised, as a class action;

- A judgment in favor of Plaintiff and the proposed class(es);

- Damages;

- Restitution;

- Disgorgement, and other just equitable relief;

- Pre- and post-judgment interest;

- Reasonable attorneys' fees and costs, as allowed by law;

- Any additional relief that the Court deems reasonable and just.

Date: September 26, 2023                    Respectfully submitted,

                                            By: _/s/  Craig A. Raabe_____

                                            IZARD, KINDALL & RAABE LLP
                                            Craig A. Raabe (ct04116)
                                            Seth R. Klein (ct18121)
                                            29 South Main Street, Suite 305
                                            West Hartford, CT 06107
                                            T: (860) 493-6292
                                            F: (860) 493-6290
                                            craabe@ikrlaw.com
                                            sklein@ikrlaw.com

                                            Simon Franzini (Cal. Bar No. 287631)*
                                            simon@dovel.com
                                            Grace Bennett (Cal. Bar No. 345948)*
                                            grace@dovel.com
                                            DOVEL & LUNER, LLP

201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Counsel for Plaintiff*

*\*Pro Hac Vice forthcoming*